# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Dr. Ronald A. Nurse, PhD § | |
| § | |
| *Plaintiff,* § | C.A. No. 9:21-cv-00455-MBS-MHC |
| § | |
| v. § | |
| § | |
| A Better Choice Case Management, § | |
| LLC; Tammy Spencer; Nicholas § | |
| Spencer, and Tina Timmons § | |
| § | |
| *Defendants.* § | |

## DEFENDANTS' SUR-REPLY TO PLAINTIFF'S REPLY TO OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 16, 2021, Defendants' filed their Objections to the Magistrate Judge's Report and Recommendation ("Report") on Defendants' Motion to Dismiss and Motion for Sanctions. [ECF No. 27]. On June 17, 2021, Defendants timely filed a supplement to their Objections. [ECF No. 29]. Subsequently, on or around June 29, 2021, Plaintiff filed a document captioned "Motion Respond To Defendant's Report and Recommendation And To Dismiss the Defendant's Motion For Sanctions and award the Plaintiff One Million Dollars ($1,000,000.00)." The filing was entered into the Court's electronic filing system as "Reply to Objection to Report and Recommendation [27], Supplement [29]." [ECF No. 30]. In his Reply, Plaintiff makes an unsupported, inflammatory, and outrageous claim that Defendants submitted "phony emails to the court to bribe, influence, and equivocally [sic] bias the courts against the plaintiff." [*Id.* at p. 2]. Plaintiff is likely referencing his April 20, 2021 emails that were submitted to the Court as an exhibit to Defendants' Objections to the Magistrate's Report. [ECF No. 27-1]. Plaintiff's emails

at ECF No. 27-1, which contain the most extreme and vile racial slurs, were submitted by Defendants to the Court in support of their pending Motion for Sanctions. [ECF No. 15].

The emails in question were clearly prepared and sent by Plaintiff from Plaintiff's email account for rnurse@capellauniversity.edu which he has used to communicate similar harassing emails to undersigned counsel throughout this litigation [ECF Nos. 15-10; 19-1; and 29-2]. There is no basis or support, and Plaintiff provides no basis or support, for his inflammatory allegation that the emails are "phony" or that Defendants are submitting them to the Court to "bribe, influence, and equivocally [sic] bias the courts against the plaintiff." Plaintiff's Reply goes on to state: "The courts should sanction the Defendants for making false claims by filing phony and fake emails that the plaintiff did not send and the court has no proof the plaintiff sent any emails to the defendants." [ECF No. 30, p. 2, 1st par]. Plaintiff continues: "The emails are not something an educated person would write. If anybody had any real education, they could see from the evidence that even a kindergarten child could see that the defendants are guilty of stealing money from the plaintiff and using fake phony emails that the plaintiff did not send to flip the focus of the case away from his stealing clients." *Id.* at 2nd par.

Plaintiff's pleading has no factual basis and is patently unmeritorious and frivolous. Indeed, the only reason Plaintiff is making these outrageous and inflammatory allegations is for the purpose of harassment. Rule 11 of the Federal Rules of Civil Procedure requires that in all representations to the Court, "an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading, motion, or other paper:

> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery . . ..." Fed. R. Civ. P. 11(b) (emphasis added).

In his Reply, Plaintiff *unequivocally* denies sending emails to undersigned counsel that were clearly prepared by him and sent by him from his email account. In light of Defendants' current pending Motion for Rule 11 Sanctions and by way of this sur-reply, Defendants respectfully request that the Court instruct Plaintiff to provide the evidentiary support or identify any evidentiary support for his extreme and harassing allegations that either Defendants or undersigned counsel falsified Plaintiff's emails.

Defendants, as well as undersigned counsel, are mindful of the Court's time but feel compelled to respond to Plaintiff's outrageous allegations. However, Defendants do not believe that they should be required to expend further financial resources to have an IT professional perform a forensic analysis to show that Plaintiff's emails are authentic simply due to Plaintiff's bald faced misrepresentations to the Court. That said, if necessary, the emails in question remain in undersigned counsel's inbox and are undisturbed.

Because Defendants have been forced to respond to Plaintiff's obviously baseless and inflammatory accusations of committing fraud on the Court, they are requesting from Plaintiff their reasonable attorney's fees for the preparation of this motion and sur-reply.

Respectfully submitted,

July 2, 2021

s/ David D. Ashley
David D. Ashley (S.C. Bar #76206)
Le Clercq Law Firm
David@LeClercqLaw.com
708 South Shelmore Blvd. #202
Mount Pleasant, SC 29464
Phone (843) 722-3523
Fax (843) 352-2977
*Attorney for Defendants*