IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Dr. Ronald A. Nurse, PhD, | ) | C/A No. 9:21-00455-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| A Better Choice Case Management, LLC, | ) | |
| Tammy Spencer, Nicholas Spencer, and | ) | |
| Tina Timmons, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 30, 2020, Plaintiff Ronald A. Nurse, Ph.D. ("Plaintiff") proceeding pro se filed an action in Magistrate's Court in Jasper County, South Carolina, seeking $7,500 in damages based on allegations that his former employer, Defendant A Better Choice Case Management, LLC ("ABC"), wrongfully withheld payment and discriminated against him on account of his race and age. On February 12, 2021, Defendants ABC, Tammy Spencer, Niekolass Spencer, and Tina Timmons (collectively, "Defendants")[1] removed the action to this court on the basis of federal question jurisdiction and immediately filed a motion to dismiss. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pretrial management.

## BACKGROUND

According to Plaintiff, who is African American and over 65 years of age, he entered into an employment contract with ABC to "provide Case Management Services to Federal and State

---

[1] Mr. Spencer was improperly identified as Nicholas Spencer in the caption. ECF No. 5 at 1 n.1.

Medicaid participants in the South Carolina, Community Long Term Care (CLTC), Case Management Program." He began his employment on May 22, 2020, pursuant to a contract under which ABC would pay him "$40.00 once a month per [contract] for each Participant." ECF No. 1-1 at 9. He alleges that ABC paid him only $25.00 per month per participant and moreover that ABC paid other case managers and employees in the CLTC program, individuals with less education and experience than he, between $40.00 and $72.00 per month per contract. *Id.* at 9-10. He alleges that in response to his inquiries, Defendants Tammy and Nicholas Spencer responded that the pay discrepancy was a result of his race. *Id.* Plaintiff ultimately provided case management services to sixty-seven program participants before his employment was terminated on November 18, 2020, without warning. *Id.* at 9. According to Plaintiff, Defendants' stated reason for the termination was an email he circulated to his coworkers regarding the coronavirus, *id.* at 11; however, Plaintiff alleges the termination was in fact due to his race, *id.* at 12.

Plaintiff asserts federal causes of action for (1) violation of Title VI of the Civil Rights Act of 1964; (2) violation of the Age Discrimination Act of 1975; (3) violation of his Eighth Amendment rights under the United States Constitution; (4) violation of 18 U.S.C. Chapter 31 ("Embezzlement and Theft") and Chapter 41 ("Extortion and Threats"), and (5) slander, libel, and assail under 28 U.S.C. § 4101; and he asserts state causes of action for (1) misfeasance; (2) embezzlement and fraud; and (3) "unfair, unethical, illegal, and unlawful business practices." *Id.* at 8.[2] Plaintiff alleges that Defendants' actions caused him emotional stress and psychological

---

[2] The Magistrate Judge declined Defendants' suggestion to construe the complaint as asserting a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), explaining that Plaintiff "mentions neither statute in his Complaint, and he expressly alleges that he was not able to file an EEOC charge before he filed this action." ECF No. 24 at 11 n.6. The Magistrate Judge further noted that even if the court so construed the

trauma and he seeks $485.00 in payments wrongfully withheld, $32.00 in reimbursement for the cost of mailing a manual, and $7,500.00 in total damages.

On February 12, 2021, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all claims with prejudice. ECF No. 5. Thereafter, on March 17, 2021, Defendants filed a motion for sanctions under Rule 11, seeking (1) dismissal of all claims with prejudice; (2) imposition of a pre-filing injunction barring Plaintiff from filing additional actions in this court without leave; (3) an award of attorneys' fees incurred in defending against the action; and (4) monetary sanctions to be paid by Plaintiff to the court. ECF No. 15. Of particular relevance, the motion for sanctions argues that the court should sanction Plaintiff as a result of abusive and profane language included in his response to the motion to dismiss. *Id.* at 6 (citing ECF No. 13 at 3). Defendants also assert that Plaintiff continues to contact them despite their status as represented and that Plaintiff has sent increasingly aggressive emails to defense counsel. *Id.* at 6, n.11. *See* ECF No. 15-10. Both motions were referred to the Magistrate Judge for preparation of a Report and Recommendation ("Report").

On June 4, 2021, the Magistrate Judge issued a Report recommending that the court grant the motion to dismiss as to the federal claims and remand the state claims to Jasper County Magistrate's Court.[3] ECF No. 24. The Magistrate Judge additionally recommends that the court deny the motion for sanctions. *Id.* However, the Magistrate Judge issued the following warning in rendering the recommendation: "Plaintiff is hereby advised that Rule 11 sanctions will be considered in the future by this Court any time that he submits correspondence or pleadings

---

complaint, the claims would be subject to dismissal without prejudice because Plaintiff has not exhausted his administrative remedies with respect to either claim. *Id.* The court finds no error in this analysis.

[3] The Magistrate Judge recommends the court dismiss certain claims with prejudice and other claims without prejudice, as specified below.

3

containing offensive, abusive, threatening, or profane language." *Id.* at 17. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised the parties of their right to file an objection to the Report. *Id.* at 19. Defendants submitted their objection on June 16, 2021, ECF No. 27, and Plaintiff submitted his objection the following day, ECF No. 28. Defendants thereafter filed a supplement to their objection, to which they attached copies of emails they assert Plaintiff authored. ECF Nos. 29, 29-1 through 29-3. Plaintiff filed a reply, in which he disputes authoring the emails and accuses Defendants of fabricating the correspondence. ECF No. 30. On July 2, 2021, Defendants moved to file a sur-reply and attached the proposed brief as an exhibit. ECF No. 31. The court hereby grants the motion to file a sur-reply.[4] This matter is now before the court for review of the Magistrate Judge's Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[4] The sur-reply asks the court to award to Defendants "reasonable attorney's fees for the preparation of this motion and sur-reply." ECF No. 31-1. That request is denied.

4

# DISCUSSION

## I. Plaintiff's Objection

Plaintiff filed a timely objection; however, he does not raise any challenge specific to the Magistrate Judge's findings. Rather, he asserts only that Defendants removed this action without his consent and expresses frustration that the court has failed to address the heart of his complaint—money allegedly owed to him under an employment contract and wrongfully withheld by Defendants. ECF No. 28. This objection is general and conclusory in nature and therefore triggers a review only for clear error. The court turns next to Defendants' objections.

## II. Defendants' Objections

Defendants object to the Magistrate Judge's recommendation that the court decline to exercise supplemental jurisdiction over the state claims and deny the motion for sanctions. ECF No. 27.

### A. Exercise of Supplemental Jurisdiction

Defendants first argue that the Magistrate Judge erred in finding that Plaintiff's cause of action for misfeasance and cause of action for "unfair, unethical, illegal, and unlawful business practices," are South Carolina state law claims that should be remanded to state court. ECF No. 27 at 3-5. Defendants mischaracterize the Magistrate Judge's finding. The Magistrate Judge did not conclude that these two claims are based on South Carolina law. She noted that the misfeasance claim appears rooted in Washington state law and the unlawful business practices claim rooted in California law.[5] ECF No. 23 at 11 n. 7. Additionally, the court notes

---

[5] With respect to these two claims, Defendants assert that "[i]t should not be the law of this case that a mere citation to an irrelevant out of state statute results in a claim being remanded for further judicial proceedings in a South Carolina State court that has no relation at all to the alleged cause of action." ECF No. 27 at 4. The law of the case doctrine Defendants refer to originated due to public policy concerns and applies "to questions actually decided as well as to

5

Defendants do not take issue with the Magistrate Judge's recitation of the law governing the court's exercise of supplemental jurisdiction. Instead, they raise Rule 12(b)(6) arguments for why the court should simply dismiss the claims. *See* ECF No. 27 at 3-5. The sufficiency of Plaintiff's pleading is a matter wholly separate from whether the court should exercise supplemental jurisdiction and, as discussed below, the court finds no error in the Magistrate Judge's assessment of whether the exercise of such jurisdiction is proper.

  Defendants argue next that the Magistrate Judge erred in failing to consider factors that weigh in favor of the court exercising supplemental jurisdiction, ECF No. 27 at 6, and that such factors (judicial economy, convenience, fairness, and comity) counsel against remand. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 & n.7 (1988). Plaintiff has made clear that the heart of this dispute concerns the payment of $500.00, which he contends Defendants have wrongfully withheld. *See* ECF No. 1-1 at 4, 6, 9-10, 18; ECF No. 28 at 3. As a pro se litigant, Plaintiff is entitled to a liberal construction of his pleadings and he has not yet received an opportunity to amend his complaint, an opportunity this court would likely provide were the lawsuit to progress before the undersigned. As the Magistrate Judge noted, this case is young and the parties have not yet engaged in discovery. Short of reviewing an amended complaint, the court is unwilling to assume that it would find discovery unnecessary in this matter. Furthermore, Plaintiff elected to file this action in Jasper County Magistrate's Court. Defendants elected to remove it to this court, as was their statutory right. However, the claims sounding in federal law have now been dismissed and only state law claims remain. The court finds that comity is a

---

those decided by necessary implication"; the doctrine does not apply to "questions which might have been decided but were not." *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988). Contrary to Defendants' suggestion, the court is not issuing a precedential decision by declining to exercise supplemental jurisdiction.

neutral factor and that on balance judicial economy, convenience, and fairness counsel remanding the action to state court. Defendants can raise their arguments regarding insufficient pleading with equal force in that forum.

Finally, Defendants argue that the Magistrate Judge failed to consider that "the entirety of Plaintiff's lawsuit" is "based on alleged racial discrimination which creates a federal question for this court," and erred in concluding that the court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. ECF No. 27 at 10. As noted, the genesis of this lawsuit is Plaintiff's grievance that Defendants failed to pay him money which he alleges they owe. That Plaintiff also alleges Defendants acted with discriminatory animus does not change this fact.

As to the amount in controversy, Defendants reference Plaintiff's request in the Prayer for Relief that the court award as damages Defendants' "salaries and pensions." ECF No. 27 at 11. Defendants acknowledge in a footnote that although the Fourth Circuit has not adopted a rule regarding the removing party's burden of proof for establishing the amount in controversy, "courts within the District of South Carolina have leaned towards requiring defendants . . . to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." ECF No. 27 at 11 n.2 (quoting *Clifton v. Allen*, No. 9:17-cv-02920-DCN, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (citations omitted)). Other districts in the Circuit have observed that when the amount in controversy is not apparent on the face of the complaint, the court must attempt to ascertain the amount by "considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Elliott v. Tractor Supply Co.*, No. 5:14CV88, 2014 WL 4187691, at *2 (N.D.W. Va. Aug. 21, 2014) (citing 14C

7

Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3725 at 73 (3d ed.1998)).  Plaintiff plainly seeks $485.00 for services rendered and $32.00 in reimbursement, and he appears to seek an additional $250.00 in punitive damages so as to "send a clear and concise message."  ECF No. 1-1 at 14.  Plaintiff has asserted no allegations that could support a claim under which he would be entitled to Defendants' pensions and salaries as a form of damages.  Notably, in removing this action, Defendants relied exclusively on 28 U.S.C. § 1331 without suggestion that the allegations could also give rise to subject matter jurisdiction under § 1332.  *See* ECF No. 1.  Defendants have established neither a reasonable probability nor a legal certainty that the amount in controversy is satisfied.

The court finds no error in the Magistrate Judge's thorough analysis.  Accordingly, the court adopts the Magistrate Judge's recommendation with respect to the motion to dismiss and incorporates the Report, ECF No. 24, herein by reference.

    B.   <u>Sanctions</u>

Defendants contend the Magistrate Judge erred in determining that Plaintiff's conduct during this lawsuit is not sanctionable under Rule 11.  Again, Defendants do not take issue with the Magistrate Judge's recitation of the governing law; rather, their quarrel is steeped in the offense they take from Plaintiff's court filings and email correspondence.  *See* ECF No. 27 at 12-15.  The Magistrate Judge engaged in a thoughtful and comprehensive analysis under Rule 11 and the court finds no error in her conclusion that, as of the time she issued the Report, Defendants had not established violations of Rule 11(b)(1)-(3).  *See* ECF No. 24 at 13-17.

The court notes only that the Magistrate Judge admonished Plaintiff against authoring offensive, abusive, threatening, or profane correspondence and court filings in the future and warned him that the court would consider Rule 11 sanctions should he fail to so refrain.  ECF

No. 24 at 17.  Defendants attach to the supplement to their objection a series of emails they assert Plaintiff sent to their counsel after the Magistrate Judge issued her Report.  ECF Nos. 29, 29-1 through 29-3.  Plaintiff denies sending these emails.  ECF No. 30 at 2.  In light of the Magistrate Judge's warning to Plaintiff, Defendants' subsequent objection to the Report as it concerns the motion for sanctions, and what appears to be a factual dispute regarding conduct pertaining to the Magistrate Judge's admonishment, the court recommits the matter to the Magistrate Judge to determine whether and to what extent Plaintiff has engaged in sanctionable conduct.  The court will hold in abeyance the recommendation regarding disposition of the motion for sanctions pending a supplemental report from the Magistrate Judge.

## CONCLUSION

Defendants' motion for leave to file a sur-reply, ECF No. 31, is granted insofar as it seeks leave to submit the sur-reply brief, ECF No. 31-1; any request for fees is denied.

For the reasons stated, the court incorporates the Report, ECF No. 24, herein and adopts the Magistrate Judge's recommendation with respect to the motion to dismiss, as follows.  The Title VI claim is dismissed without prejudice as to Defendant ABC and is dismissed with prejudice as to the individual Defendants.  The claim for violation of the Age Discrimination Act is dismissed without prejudice as to Defendant ABC and is dismissed with prejudice as to the individual Defendants.  The claim for violation of the Eighth Amendment is dismissed without prejudice as to all Defendants.  The claims under 18 U.S.C. Chapter 31 ("Embezzlement and Theft") and Chapter 41 ("Extortion and Threats") are dismissed with prejudice as to all Defendants. The claim under 28 U.S.C. § 4101 is dismissed with prejudice as to all Defendants.  The court declines to exercise supplemental jurisdiction over the state law claims and will remand those claims to state court.

The court recommits the matter of the motion for sanctions to the Magistrate Judge for preparation of a supplemental report and holds the recommendation regarding the motion for sanctions in abeyance pending filing of the supplemental report.

The order to remand is hereby STAYED pending resolution of the motion for sanctions.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

July 22, 2021
Charleston, South Carolina