IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Dr. Ronald A. Nurse, PhD, | ) | C/A No. 9:21-00455-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| A Better Choice Case Management, LLC, | ) | |
| Tammy Spencer, Nicholas Spencer, and | ) | |
| Tina Timmons, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the Magistrate Judge's Supplemental Report and Recommendation pertaining to Defendants ABC, Tammy Spencer, Niekolass Spencer, and Tina Timmons's (collectively, "Defendants")[1] motion for sanctions. For the reasons stated below, the court adopts the Supplemental Report and Recommendation and grants the motion for sanctions.

## DISCUSSION

Plaintiff Ronald A. Nurse, Ph.D. ("Plaintiff") proceeding pro se filed an action in Magistrate's Court in Jasper County, South Carolina, seeking $7,500 in damages based on allegations that his former employer, Defendant A Better Choice Case Management, LLC, wrongfully withheld payment and discriminated against him on account of his race and age. Defendants removed the action to this court on the basis of federal question jurisdiction and immediately filed a motion to dismiss. In accordance with 28 U.S.C. § 636(b) and Local Rule

---

[1] Mr. Spencer was improperly identified as Nicholas Spencer in the caption. ECF No. 5 at 1 n.1.

73.02, D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pretrial management.

On March 17, 2021, Defendants filed a motion for sanctions under Rule 11, seeking (1) dismissal of all claims with prejudice; (2) imposition of a pre-filing injunction barring Plaintiff from filing additional actions in this court without leave; (3) an award of attorneys' fees incurred in defending against the action; and (4) monetary sanctions to be paid by Plaintiff to the court. ECF No. 15. Of particular relevance, the motion for sanctions argues that the court should sanction Plaintiff as a result of abusive and profane language included in court filings. *Id.* at 6 (citing ECF No. 13 at 3). Defendants also assert that Plaintiff continues to contact them despite their status as represented and that Plaintiff has sent increasingly aggressive emails to defense counsel. *Id.* at 6, n.11. *See* ECF No. 15-10. Both the motion to dismiss and the motion for sanctions were referred to the Magistrate Judge for preparation of a report and recommendation.

On June 4, 2021, the Magistrate Judge issued a Report and Recommendation recommending the court grant the motion to dismiss as to the federal claims, remand the state claims to Jasper County Magistrate's Court, and deny the motion for sanctions. ECF No. 24. The Magistrate Judge nonetheless issued the following warning: "Plaintiff is hereby advised that Rule 11 sanctions will be considered in the future by this Court any time that he submits correspondence or pleadings containing offensive, abusive, threatening, or profane language." *Id.* at 17. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised the parties of their right to file an objection to her recommendations. *Id.* at 19. Defendants submitted their objection on June 16, 2021, ECF No. 27, and Plaintiff submitted his objection the following day, ECF No. 28. Defendants thereafter filed a supplement to their objection, to which they attached copies of emails they argue violate

the Magistrate Judge's warning and which they assert Plaintiff authored. ECF Nos. 29, 29-1 through 29-3. Plaintiff filed a reply, disputing that he authored the emails and accusing Defendants of fabricating the correspondence. ECF No. 30.[2] On July 22, 2021, the court issued an order adopting the Report and Recommendation as it pertained to the motion to dismiss. ECF No. 32. The court declined to exercise supplemental jurisdiction over the state law claims and remanded those claims to state court. The court held the recommendation regarding the motion for sanctions in abeyance and recommitted the matter to the Magistrate Judge for preparation of a supplemental report, noting Defendants' supplemental objection and Plaintiff's response thereto. The court additionally stayed its order to remand pending resolution of the motion for sanctions.

On August 10, 2021, the Magistrate Judge issued the Supplemental Report and Recommendation ("Report") recommending the court grant the motion for sanctions and award defense counsel fees incurred in preparing the supplemental objection, in the amount of $180. ECF No. 34. Plaintiff filed an objection on August 19, 2021. ECF No. 36.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir.

---

[2] Defendants sought leave to file a sur-reply, ECF No. 31, which request the court granted. Defendants did not thereafter file their sur-reply brief.

1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge found that the language in the emails attributed to Plaintiff violates her warning against the use of "offensive, abusive, threatening or profane language." ECF No. 34 at 3. She observed that while Plaintiff denies sending the emails, he "has not provided or identified any evidentiary support for his denial," and further observed that "the emails dated June 16, 2021, are identified as coming from the same email address used by Plaintiff to send prior emails to Defendants, which emails Plaintiff does not dispute having sent," and that the "email address on the June 16, 2021 emails is the same email address included on Plaintiff's pleadings filed with the Court." *Id.* at 3-4. She also observed that "the tenor, tone and language of the emails is substantially similar to previous correspondence and pleadings submitted by Plaintiff, including most recently in his Reply." *Id.* at 4 (citing ECF No. 30). The Magistrate Judge further found that she need not limit her inquiry to the June 16, 2021 emails because "the language in Plaintiff's Reply alone indicates a flagrant disregard for this Court's admonition . . . ." *Id.* She therefore determined that a monetary award in the amount of fees defense counsel incurred in preparing the supplemental objection was reasonable under the circumstances and consistent with the directives of Federal Rule of Civil Procedure 11(c)(5). *Id. See* ECF No. 29.[3]

Plaintiff filed a timely objection in which he asserts that he "attested that he did not send the phony emails," and contends that the court "made blind decisions with no proof." ECF No. 36 at 2. However, the record does not contain an affidavit in which Plaintiff so attests. Plaintiff filed a reply to Defendants' supplemental objection, denying he authored the subject emails, but

---

[3] Defense counsel represented in the supplemental objection that "his reduced rate for this matter is $150.00 per hour," and that "1.2 hours were incurred by Defendants for the preparation of this filing for a total of $180.00." ECF No. 29 at 4.

that filing is not sworn under penalty of perjury.  *See* ECF No. 30.  In any event, the Magistrate Judge found the contents of the Reply itself violated her warning and it is undisputed Plaintiff authored his own Reply brief.  Plaintiff does not otherwise raise a specific challenge to the Magistrate Judge's findings and recommendation.

The court has thoroughly reviewed the record and finds no error in the Magistrate Judge's analysis.  Accordingly, the court adopts the Magistrate Judge's recommendation and incorporates the Report, ECF No. 34, herein by reference.  For the foregoing reasons,

IT IS ORDERED that the motion for sanctions, ECF No. 15, is granted to the extent the court awards attorney fees in the amount of $180.00 to counsel for Defendants.  Plaintiff shall pay the award to counsel within ten calendar days of the date this order is entered.  It is further

ORDERED that the state law claims are remanded to state court, consistent with the order issued July 22, 2021.  ECF No. 32.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

September 3, 2021
Charleston, South Carolina